THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| TEODORO GONZALES,<br><br>    Plaintiff,<br><br>v.<br><br>SHARON D'AMICO et al.,<br><br>    Defendants. | **MEMORANDUM DECISION AND DISMISSAL ORDER**<br><br>Case No. 2:25-CV-199 DAK<br><br>District Judge Dale A. Kimball |

Plaintiff Teodoro Gonzales, as a Utah state inmate, filed this *pro se* civil-rights action, *see* 42 U.S.C.S. § 1983 (2026),[1] proceeding *in forma pauperis*, *see* 28 *id.* § 1915. Dkt. Nos. 1, 4.

After screening Plaintiff's original complaint (OC), the Court ordered him to cure its many deficiencies. Dkt. Nos. 1, 10. In that Cure Order (CO), the Court gave specific guidance on the deficiencies, along with other details to help Plaintiff file an amended complaint with valid claims. Dkt. No. 10. The Court advised,

> If an amended complaint is filed, the Court will screen each claim and defendant for dismissal or an order effecting service upon valid defendants who are affirmatively linked to valid claims. . . . If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action will be dismissed without further notice.

---

[1]The federal statute creating a "civil action for deprivation of rights" reads, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . ., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C.S. § 1983 (2025).

*Id.* at 10-11.

Plaintiff has since filed Amended Complaint (AC). Dkt. No. 12. In it, he names the following Utah Department of Corrections (UDOC) defendants: Warden Sharon D'Amico, Director Jared Garcia, and Captain "T-Nicholes." *Id.*

In the AC, *id.*, Plaintiff alleges the following facts: On April 12, 2023, Plaintiff was assaulted by gang members who "punch[ed] him in the face and head, kicking him in the body." Plaintiff reported the assault to staff, who "took photos and gave him medical attention." He was then "placed on (TRO) by [Defendant] T-Nicholes." On April 21, 2023, he was "taken off (TRO) and moved back" to the same unit "but in a different unit section." Plaintiff was then "assaulted because he is a sex-offender and stopped paying rent to use p[hone], coffee pot, and other y[] rec-times, etc."

Plaintiff asserts Defendants D'Amico and Garcia are sued in their individual capacities, "for subjecting him to a violation of federally protected rights, by failure to train new staff guards in the use of mace or restraints . . . [to] give protection from assault" and for "staffing below threshold for maintaining safety/security." Dkt. No. 12. Plaintiff further alleges that he "told staff unit manager that he wanted to move out of [his] 8-man cell because of threats by 'gang members' known to be violent, to no avail." *Id.* at 5. He states that "official(s) failed to respond or act reasonable in light of knowledge of a particular threat of danger to . . . Plaintiff." *Id.*

Plaintiff further "alleges that his First Amendment rights have been violated by the UDC/USCF's decision to suspend his rights to file violations." *Id.* Finally, in the "Injury" section, Plaintiff curtly states, "Intentional infliction of emotional distress, and negligent infliction of emotional distress in relation to the ordinary incidents of prison life. Evidence of retaliation while incarcerated." *Id.* at 6.

As a remedy, Plaintiff seeks damages. *Id.* at 7.

Having now thoroughly screened and liberally construed[2] the AC under its statutory review function,[3] the Court dismisses this action.

## A. FAILURE TO STATE A CLAIM

### 1. Standard of review for *sua sponte* dismissals

Assessing a complaint for failure to state a claim upon which relief may be granted, this Court takes all well-pleaded factual assertions as true and regards them in a light most advantageous to the plaintiff. *Ridge at Red Hawk L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). Dismissal is appropriate when--though the facts are viewed in the plaintiff's favor-- the plaintiff has not posed a "plausible" right to relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)*; Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008). "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 556). When a civil-rights complaint contains "bare assertions," involving "nothing more

---

[2]The Court recognizes Plaintiff's *pro se* status, and so construes his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Still, such liberal reading is meant merely to overlook technical formatting errors and other similar defects in Plaintiff's use of legal terminology and proper English. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* status does not excuse Plaintiff from the duty to meet various rules and procedures directing litigants and counsel or the mandates of substantive law; regarding these, the Court will treat Plaintiff with the same standards applicable to counsel licensed to practice law before this Court's bar. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

[3]The screening statute reads:
> (a) Screening.—The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C.S. § 1915A (2026).

than a 'formulaic recitation of the elements' of a constitutional . . . claim," the Court considers those assertions "conclusory and not entitled to" an assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (quoting *Twombly*, 550 U.S. at 554-55). In other words, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Red Hawk*, 493 F.3d at 1177 (italics in original). "[T]he complaint must contain something more than 'unadorned, the-defendant-unlawfully-harmed-me accusation[s].'" *Eaves v. Kory*, No. 24-1048, 2024 U.S. App. LEXIS 12964, at *2-3 (10th Cir. May 30, 2024) (unpublished) (quoting *Iqbal*, 556 U.S. at 678). Also, "[f]acts, not conclusions, must be pleaded--'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions,' including where a 'legal conclusion [is] couched as a factual allegation.'" *Renaud v. Ross*, No. 1:22-CV-212, 2023 U.S. Dist. LEXIS 19808, at *8 (D. Wy. Jan. 27, 2023) (alteration in original) (quoting *Iqbal*, 556 U.S. at 678).

As the Court reviews the sufficiency of Plaintiff's allegations, it painstakingly does so per individual defendant, per cause of action. *See Williams v. Utah Dep't of Corr.*, 928 F. 3d 1209, 1212 (10th Cir. 2019) (stating plaintiff must "explain[] which . . . prison-official defendants are liable for what improper conduct"). Indeed, § 1983 cases often include a list of defendants, like

> the government agency and a number of government actors sued in their individual capacities. . . . [I]t is particularly important in such circumstances that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state.

*Robbins*, 519 F.3d at 1249-50 (emphasis in original) (citing *Twombly*, 550 U.S. at 565 n.10). When a complaint "fails to isolate the allegedly unconstitutional acts of each defendant," the

plaintiff has not carried the burden of providing "adequate notice as to the nature of the claims against each." *Id.* at 1250. For instance, when a complaint uses "the collective term 'Defendants' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed." *Id.*

The facts stated in each of the following sections are taken from Plaintiff's allegations and viewed in a light most favorable to him. They are taken as true for this Order only.

### 2. Defendants D'Amico and Garcia

The AC states Plaintiff's rights were violated in April 2023. Dkt. No. 12, at 3. However, it appears Defendant D'Amico did not become warden of Utah State Correctional Facility until October 29, 2024. *See* News Release, UDOC Names New Warden, https://corrections.utah.gov (Oct. 29, 2024). And Defendant Garcia did not become UDOC's executive director until March 2025. *See* https://governor.utah.gov (last visited June 28, 2026). It seems then that these defendants could not possibly have had the personal involvement needed to violate Plaintiff's rights in the roles he alleges they had. Defendants D'Amico and Garcia are therefore dismissed.[4]

### 3. Defendant T-Nicholes

The AC's only allegation regarding T-Nicholes is that Plaintiff "was placed on (TRO) by Captain T-Nicholes." Dkt. No. 12, at 3. This does not meet the requirement (of which Plaintiff

---

[4]In the AC, Plaintiff switched out original defendant Brian Redd, allegedly UDOC's executive director at the time his claims accrued, named in his OC, for Defendant Garcia, the current executive director. Dkt. Nos. 1, 12. But, given that he sues Garcia in his individual capacity, Garcia must have had personal involvement to be liable here. *See Perry v. Durborow*, 892 F.3d 1116, 1122 (10th Cir. 2018) (cleaned up) (explaining that, to adequately assert causation against defendant in individual capacity, plaintiff must allege facts showing defendant "set in motion a series of events that he knew or reasonably should have known would cause others to deprive [plaintiff] of her constitutional rights"). Even if Plaintiff had sued Redd or Garcia in an official capacity though, sovereign immunity would have made him ineligible for the damages he seeks. *See Buck v. Utah Labor Comm'n*, 73 F. App'x 345, 347 (10th Cir. 2003) (holding Eleventh Amendment shields State of Utah and its employees in official capacity from claims alleging violations of § 1983).

was thoroughly notified in the CO) that Plaintiff must affirmatively link Defendant T-Nicholes to each element of a cause of action for failure to protect. Dkt. No. 10, at 3. Indeed, the CO had advised Plaintiff of the following standards for stating a failure-to-protect claim:

> The Eighth Amendment imposes a duty on prison officials to provide humane conditions of confinement, including "reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotations omitted). This obligation includes a duty "to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (quotations omitted). "To prevail on a failure to protect claim, an inmate must show (1) that the conditions of his incarceration present[ed] an objective substantial risk of serious harm and (2) prison officials had subjective knowledge of the risk of harm." *Requena v. Roberts*, 893 F.3d 1195, 1214 (10th Cir. 2018) (quotations omitted). To satisfy the second prong, the inmate must show that the prison official was deliberately indifferent to the inmate's health or safety. *Farmer,* 511 U.S. at 834. A prison official will not be liable unless he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Dkt. No. 10, at 7-8 (quoting *Pittman v. Kahn*, No. 23-1153, 2024 U.S. App. LEXIS 3043, at *3-4 (10th Cir. Feb. 9, 2024) (unpublished) (citation modified)).

Despite these elements being clearly spelled out in the CO, Plaintiff did not allege that T-Nicholes in particular "had subjective knowledge of the risk of harm . . . that the conditions of [Plaintiff's] incarceration present[ed]." *Id.* The lack of such an allegation is fatal to Plaintiff's failure-to-protect claim against T-Nicholes. T-Nicholes is therefore dismissed.

### 4. Grievance issues

The AC bluntly alleges that Plaintiff's "First Amendment rights have been violated by the UDC/USCF's decision to suspend his rights to file grievances." Dkt. No. 12, at 5. Critically, Plaintiff fails to link this allegation to a specific defendant. Moreover, the CO had already informed Plaintiff that the OC may have "inappropriately allege[d] a constitutional right to a

grievance process." Dkt. No. 10, at 2 (citing *Boyd v. Werholtz*, 443 F. App'x 331, 332 (10th Cir. 2011) (unpublished) ("[T]here is no independent constitutional right to state administrative grievance procedures. Nor does the state's voluntary provision of administrative grievance process create a liberty interest in that process."); *Dixon v. Bishop*, No. CV TDC-19-740, 2020 U.S. Dist. LEXIS 41678, at *20 (D. Md. Mar. 11, 2020) ("[P]risons do not create a liberty interest protected by the Due Process Clause when they adopt administrative mechanisms for hearing and deciding inmate complaints[;] any failure to abide by the administrative remedy procedure or to process [grievances] in a certain way does not create a constitutional claim.").

Lacking the crucial linkage of allegations to a specific defendant and identification of a valid constitutional violation, Plaintiff's allegations of grievance-process denial fail to state a claim upon which relief may be granted. This claim is therefore dismissed.

### 5. "Injury" section

Here, Plaintiff tersely states, "Intentional infliction of emotional distress, and negligent infliction of emotional distress in relation to the ordinary incidents of prison life. Evidence of retaliation while incarcerated." *Id.* at 6. These words, devoid as they are of supporting factual allegations and linkage to a defendant, do not adequately assert claims. They are therefore not further considered.

### B. ORDER

**IT IS ORDERED** as follows:

**1.** For failure to state a claim upon which relief may be granted, the Amended Complaint, Dkt. No. 12, is **DISMISSED** without prejudice. *See* 28 U.S.C.S. § 1915(e)(2)(B) (2026). Two iterations of the complaint, Dkt. Nos. 1, 12, and a full round of comprehensive guidance on curing deficiencies, Dkt. No. 10, have not resulted in an adequately improved pleading. Neither

liberal interpretation of Plaintiff's claims nor further opportunity to amend would appear to lead to a different result. This action is thus **DISMISSED**.

    **2.** Plaintiff's motion for service of process is **DENIED** as moot. Dkt. No. 11.

DATED this 30th day of June 2026.

BY THE COURT:

JUDGE DALE A. KIMBALL
United States District Court